OPINION
This appeal emanates from the Newton Falls Municipal Court. Appellant, Bill Spithaler, d.b.a. Jem Hardwoods, appeals his conviction for failure to obtain a Southington Township zoning permit before harvesting and processing trees.
On February 20, 1998, the Southington Township zoning inspector issued a "Notice of Violation of Zoning Law" to appellant for not having a zoning permit for a sawmill on his property. Thereafter, on March 3, 1998, appellee, the state of Ohio, filed a complaint against appellant alleging that he failed to comply with the regulations of Southington Township zoning ordinances. On April 23, 1998, at the initial appearance, appellant entered a plea of not guilty and waived his right to a speedy trial. Further, bail was set for $1,000 on a surety basis.
At the hearing, on September 8, 1998, the prosecutor called Richard Doan ("Doan"), the Southington zoning inspector, to testify. He stated that while he was driving, he noticed a logging operation on Geauga-Portage Easterly Road. He discovered that the timber was already sawed into piles. Doan spoke to one of the fork truck operators, asked whom the sawmill belonged to, and proceeded to warn him that a zoning permit was required for that operation. According to Doan, appellant never obtained a permit for the logging operation. Doan explained that on February 20, 1998, after he informed the fork truck operator of the problem, he sent appellant a ten-day notice and then filed the complaint.
On cross-examination, appellant's attorney mentioned to Doan that zoning inspectors were not permitted to regulate agricultural uses and that timbering or cutting trees was agricultural. However, Doan explained that "[w]hen you go into a saw mill [sic] operation, you start into creating something other than timber, at that point you're into a saw mill [sic] type of operation where you're taking timber and . . . planking —."
Following the testimony, the trial judge wanted the parties to stipulate as to whether the actual cutting of the trees or processing of the trees, not the cutting down of trees, was an agricultural use, and hence, exempt from the Southington Township zoning statute. The trial court requested that appellant's attorney submit "a letter brief" on the issue and appellee respond to the brief.[1]
On September 25, 1998, appellant filed a motion to dismiss the action. In a judgment entry dated October 16, 1998, the trial court determined that: (1) appellant purchased the right to harvest timber from a landowner in Southington Township; (2) appellant entered the land, harvested the timber, and cut the wood with a portable sawmill; (3) the sawmill was brought on to the property and remained there on wheels while in use; (4) Doan informed appellant that he needed to pay a $50 fee and obtain a zoning permit pursuant to § 20 of the Southington Township Zoning Ordinance; and (5) appellant refused to pay the fee, and thus, Doan filed a complaint under § 23 of the zoning ordinance. In its judgment entry the trial court explained that:
 ". . . if [appellant's] activity in harvesting and sawing/processing the timber [was], in fact, an `agricultural purpose' under § 519.21 O.R.C., [appellant] cannot be required to obtain and pay for the demanded permit. It should be particularly noted that there is evidence that [appellant] does not own this land and that there is no evidence that these trees were ever planted with the purpose to later harvest them.
". . .
 "This is not a case where the owner of the land planted a crop, albeit, trees, to raise, harvest and sell. Instead, a commodity (standing timber) has been sold to a third party [appellant], who has moved machinery onto the land to taken [sic] down the trees, cut them up and move them away. The Court finds that this practice is not `agricultural' as defined by [R.C. 519.21]. The legislature intended . . . to protect farmers who plant, grow and harvest crops for their livelihood from interference from township zoning. That is not what occurred in this case.
 "The Court finds that the permit/fee required under Section 20, sub paragraph 6, is not prohibited by § 519.21 O.R.C."
Therefore, the trial court overruled appellant's motion to dismiss, found appellant guilty, and scheduled sentencing. However, on November 19, 1998, the sentencing hearing was waived and appellant was fined $100. The fine was suspended provided appellant did not commit a similar offense. Appellant timely filed a notice of appeal and now asserts the following as error:
 "The trial court committed reversible prejudicial error in finding [appellant] guilty of failing to obtain and pay for a zoning permit in relation to [appellant's] harvesting and processing of timber in Southington Township, Trumbull County, Ohio."
Appellant's sole contention is that the trial court erred in finding appellant guilty of failing to obtain and pay for a zoning permit for his activity of harvesting and processing timber. Appellant claims that agricultural activities, such as the harvesting of timber and the processing of timber on site by a portable sawmill, may not be regulated by a township zoning resolution and that a person engaged in these processes is employed in an agricultural activity for which no zoning permit or fee is required.
Generally, an appellate court will not disturb the judgment of a trial court absent an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
R.C. 519.21 states the following:
 "(A) . . . sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, . . . and no zoning certificate shall be required for any such building or structure.
". . .
 "(C) Such sections confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit in a district zoned for agricultural . . . uses, the use of any land for a farm market where fifty per cent or more of the gross income received from the market is derived from produce raised on farms owned or operated by the market operator in a normal crop year. . . ."
Moreover, R.C. 519.01 defines agriculture as including:
 "[F]arming; ranching; aquaculture; apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry and poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; the processing,
drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production." (Emphasis added.)
 Pursuant to R.C. 519.01, the harvesting of "timber" is an agricultural activity, and thus, may not be regulated by a township zoning resolution. We note that this section was amended effective June 20, 1994, to include the word "timber," which was not in the statute prior to that time. See, also, R.C. 1.61. Further, "processing" is also permitted under R.C. 519.01. The Ninth District Court of Appeals stated, "`(t)o qualify as an agricultural exemption, a structural use must be directly and immediately related to the agricultural land use.'" Columbia Twp. Trustees v. French (Apr. 6, 1994), Lorain App. No. 93CA005658, unreported, at 2, 1994 WL 117115, quoting Varga v. Hall (Sept. 28, 1977), Lorain App. No. 2570, unreported, at 4.
In the instant matter, the trial court reasoned that the timber was sold to appellant, who moved his machinery onto the land to take down the trees, cut them up, and move them away. However, appellant harvested the trees by cutting them down and then on the same site using a portable sawmill to process the trees into lumber. This entire operation fits within the scope of the definition of agriculture according to R.C. 519.01. Since appellant was engaged in an agricultural activity, the township resolutions may not regulate the activity pursuant to R.C. 519.21. Hence, it is our determination that the trial court abused its discretion and incorrectly concluded that that practice was not "agricultural" pursuant to R.C. 519.01. The trial court erred in determining that appellant's use was not permitted under the zoning ordinance. Appellant's assignment of error is well-taken.
The judgment of the Newton Falls Municipal Court is reversed and judgment is entered for appellant.
CHRISTLEY, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] We note that the record does not contain a copy of the letter brief. Thus, we are not sure whether a brief or a response was furnished to the trial court.